NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 08-CV-64-HRW

DENNY ELLIS                                                                                                  PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

E. K. CAULEY                                                                                              RESPONDENT

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Denny Ellis, an individual currently in the custody of the Federal Bureau of Prisons ("BOP") and confined in the BOP's Federal Correctional Institution, in Ashland, Kentucky, has submitted a *pro se* Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, and has now paid the District Court filing fee of $5.00.

This matter is now before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). As the Petitioner is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his Petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines that the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

CLAIMS

Petitioner challenges the BOP's calculation of his good conduct time ("GCT").

ALLEGATIONS

Petitioner states that in 2002, he pled guilty to one count of violating 18 U.S.C. § 1014 (false loan and credit application), in *United States v. Ellis*, No. 6:01-CR-1072-HMH, in the United States District Court for the District of South Carolina. On July 30, 2002, he was sentenced to 24 months imprisonment, monetary penalties, and 5 years on supervised release. At some point, Petitioner completed the sentence with an appropriate amount of GCT, not at issue herein, and was released.

Ellis violated the term(s) of his supervised release, and on August 23, 2004, he was sentenced to 10 months imprisonment. During this 10-month period of time, he alleges, the BOP failed to award him any GCT. Three years later, on August 27, 2007, he was sentenced to a 36-month term of imprisonment for a second supervised release violation.

However, according to the Petitioner, he believed that the 36-month sentence was beyond the statutory maximum allowed pursuant to 18 U.S.C. § 3583(e)(3), because he had not received credit for the 10-month sentence for his first violation. Therefore, he alleges, he complained to the trial court by filing a Motion to amend or vacate the 36-month sentence, pursuant to 28 U.S.C. § 2255, and he also began the BOP administrative process.

Three months later, the Petitioner was successful with his Motion, the trial court agreeing by Order of November 28, 2007 (Exhibit [hereinafter "Ex."] 1), that 26 months was the statutory maximum under *United States v. Maxwell*, 285 F.3d 336 (4th Cir. 2002). Therefore, Ellis' sentence was reduced from 36 months to 26 months for the second violation. By then, Petitioner's administrative efforts to obtain the same result had reached the 3rd level of the 4-tiered BOP administrative process and so he dropped the matter, sending "a letter to the Regional Director informing him that the District Court had granted the relief that he was requesting, and withdrawing

the administrative appeal." He did not keep copies of any of the documents exchanged in that administrative process.

Thereafter, according to Ellis, the BOP re-calculated his sentence correctly but its calculation of projected GCT credits "to be applied to the sentence is based on a 26-month sentence rather than a 36-month sentence." On January 29, 2008, Ellis began the administrative remedy process again by completing an administrative form to the warden, in which he requests that the 10 month credits be aggregated with the new term, as "Title 18 United States code section 3584(c) . . . requires that under the circumstances of my case GCT credit be calculated for the entire aggregated term of 36 months." Ex. 3.

Two days later, the request was rejected by the prison's Administrative Remedy Coordinator, who characterized Ellis' request as "credit for time on another sentence – same criminal act," referenced Petitioner's earlier remedy number (481102), and gave two reasons why it was being returned to him:

> YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE WRONG LEVEL. YOU SHOULD HAVE FILED AT THE INSTITUTION, REGIONAL OFFICE, OR CENTRAL OFFICE LEVEL.
> . . .
> YOU ALREADY FILED A BP9 ON THIS ISSUE AND A BP10. YOUR NEXT STEP WOULD HAVE BEEN A BP11. YOU RECEIVED YOUR RESPONSE ON THIS FROM THE WARDEN ON 10-31-07.

Ex. 4. Petitioner claims that the BOP thereby "instructed" him to file a Central Office Administrative Appeal, and that on February 6, 2008, he did so. Exhibit 5 purports to be that appeal, in which he explains the difference between the earlier and current issues. He alleges that he did not receive a response.

3

Therefore, on April 29, 2008, Ellis filed the instant Section 2241 habeas proceeding, claiming to have now exhausted the administrative remedies at the highest level to no avail. He paid the District Court filing fee two months later, on June 26, 2008.

## DISCUSSION

The law is well settled that federal prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. § 2241. *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they `exhaust their administrative remedies in accordance with Bureau of Prisons policy . . . .'"). Moreover, exhaustion of administrative remedies should be implemented to prepare a record. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980).

The administrative remedies available to inmates confined in Bureau of Prisons institutions are set out in the Administrative Remedy Program, found at 28 C.F.R. §§ 542.10-.19 (1998). Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request (a BP-9 form) to the Warden. *See* § 542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal (BP-10) to the Regional Director, and, if not satisfied with the Regional Director's response, the inmate may appeal (BP-11) to the Office of General Counsel. *See* § 542.15 (a) - (b).

According to the Petitioner's own pleadings and exhibits, he did not exhaust his first request for an administrative remedy; he withdrew it by letter after filing a BP-10, because he got what he requested from the trial court. In January, when he initiated a new claim about the GCT and it was rejected, Ellis did not try to explain to the prison administrative coordinator or a staff member or the warden how his argument now differed from the former one. In order to claim exhaustion of the initial effort, he chose to file a tardy appeal of the dismissed administrative remedy to the top of the BOP on February 6, 2006, wait more than two months to deem it denied, and then file this action without paying the filing fee until another 2 months had passed.

The end result is that the Petitioner has wasted time, tapped this Court's resources with an unexhausted argument, and presented to this Court not a single document showing the BOP's position on the GCT calculation issue – in either the first-filed administrative remedies or the new claim raised in January of 2008.

Therefore, Ellis has robbed the Court of a record to review, and has robbed himself of months of time without the matter of his GCT and any change in his projected release date's being settled. In addition to providing the Court with a record, the federal courts have recognized that there are several additional reasons for the exhaustion requirement. As stated by the Third Circuit in *Lyons v. United States Marshals*, 840 F.2d 202 (3rd Cir. 1988):

> The exhaustion requirement promotes: (1) deference to Congress' decision that independent administrative tribunals, not courts, should serve as the initial forum for dispute resolution; (2) respect for administrative autonomy by minimizing unnecessary judicial intervention; and (3) judicial economy by resolving complaints or setting forth findings of fact.

5

*Id.* at 205. Because the instant Petitioner failed to present a record demonstrating that he exhausted the BOP appeal process on exactly the issue herein, this matter will be dismissed. The dismissal will, however, be without prejudice to his bringing the claim again after proper exhaustion.

Any delay while he does so should not prejudice Petitioner. The administrative procedures include established response times, which are not burdensome. § 542.18. As soon as an appeal is accepted and filed, the Warden has 20 days to respond; the Regional Director, 30 days; and General Counsel, 40 days. Only one extension of time of 20-30 days, in writing, is permitted the agency. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id*. Moreover, his own actions have caused more delay than a new process will cause.

The dismissal of this case moots two Motions which Ellis filed with the Petition. In one of the Motions, he requests that the Court bar his transfer out of the district until this Court decides the matter. The Court has now decided to dismiss the action. In a seeming contradiction, he simultaneously submitted a "Motion to Transfer Proceedings to the District of South Carolina," claiming that it is "a more convenient and efficient forum for conducting the instant proceedings." This, too, is mooted now.

Accordingly, the Court being advised, **IT IS ORDERED** that

(1) Petitioner Ellis' Petition for Writ of Habeas Corpus is **DENIED**;

(2) Petitioner's pending Motions [Record Nos. 3-4] are **DENIED**;

(3) This action will be **DISMISSED**, *sua sponte*, from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This July 3, 2008.



Signed By:
Henry R Wilhoit Jr.
United States District Judge